JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone:  (323) 979-2063
Facsimile:   (323) 488-6748

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### Eastern Division

| | |
|---|---|
| Sandra Rosa, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br>Allied International Credit Corp., and John Does 1-25,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sandra Rosa ("Plaintiff"), a California resident, brings this Class Action Complaint by and through her attorneys, The Law Offices of Jonathan A. Stieglitz, against Defendant Allied International Credit Corp., ("Defendant AIC"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION / PRELIMINARY STATEMENT

1.  Congress enacted the Fair Debt Collection Practices Act (hereinafter "FDCPA" or "Act" in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws … [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §1692(b) & (c).

2.  Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* §1692(e). After determining that the existing consumer protection laws were inadequate, *Id*. §1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* §1692k.

## **JURISDICTION AND VENUE**

3.  The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq*. The Court has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.  Plaintiff brings this class action on behalf of a class of California consumers under 15 U.S.C. § 1692 *et seq*., commonly known as the Fair Debt Collections Practices Act ("FDCPA"); and

6.  Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.  Plaintiff is a resident of the State of California, County of Riverside, residing at 6865 De Anzna Ave, Riverside, CA 92506.

8.  Defendant AIC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with an address at 6800 Paragon Place, Suite 400, Richmond, VA 2320 and can be served process upon its registered agent Corporation Service Company which will do business in California as CSC-Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

9.  Upon information and belief, Defendant AIC is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The class consists of:

  a. all individuals with addresses in the State of California;

  b. to whom Defendant AIC sent an initial collection letter attempting to collect a debt;

  c. that falsely stated that the balance may increase when it would not increase;

  d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants

and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members.  The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit "A", violates 15 U.S.C. §§ 1692e and 1692g.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.  The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this Complaint.  The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members.  The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit "A" violate 15 U.S.C. §1692e and §1692g.

c. **Typicality:**  The Plaintiff's claims are typical of the claims of the class members.  The Plaintiff and all members of the Plaintiff class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:**  The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members.  The Plaintiff is committed to vigorously litigating this matter.  Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions.  Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority**:  A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their

common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to April 29, 2020, an obligation was allegedly incurred to Ebay.

22. The Ebay obligation was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

23. The alleged Ebay obligation is a "debt" as defined by 15 U.S.C.  1692a(5).

24. Ebay is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. Ebay contracted with Defendant AIC to collect the alleged debt.

26. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation I – April 29, 2020 Collection Letter*

27. On or about April 29, 2020, Defendant sent Plaintiff an initial collection letter (the "Letter") regarding the alleged debt owed to Ebay.  See a true and correct copy of the Letter attached hereto as Exhibit A.

28. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice, known as a "G notice," which must include the following information:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the

judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's <u>written</u> request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

(emphasis added)

29. The required disclosures set forth in 15 U.S.C. §1692g(a) are more commonly known as the "G Notice".

30. The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

31. Although a collection letter may track the statutory language, "the collector nevertheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." <u>Russell v. EQUIFAX A.R.S.</u>, 74 F.3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency to simply include the proper debt validation notice in a mailing to a consumer-- Congress intended that such

notice be clearly conveyed."). Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights . . . violates the Act." <u>Russell</u>, 74 F.3d at 34.

32. The bottom of the Letter states: "Your account balance may increase after the date of this letter if additional changes are made or incurred to your account, as provided in your agreement with the creditor or as otherwise provided by the law."

33. Defendant is aware that during the collection of this debt, the balance will not vary at all and stating that it may increase is merely a deceptive collection tactic intended to intimidate and coerce the consumer into paying immediately.

34. In addition, the threat of a balance increase overshadows the "g-notice" language and coerces the consumer to pay immediately due to fear of a balance increase and not to exercise his rights under the Fair Debt Collection Practices Act.

35. Stating that the account balance may increase due to adjustments is materially misleading to Plaintiff and is a false statement that Defendant knowingly made.

36. Plaintiff incurred an informational injury as Defendant falsely asserted that the balance would increase when it would not.

37. Defendant's false statement overshadowed Plaintiff's §1692g right to dispute or validate the debt as he was led to believe that he must pay immediately to avoid accruing interest and fees ("adjustments").

38. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

39. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

40. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

41. Pursuant to 15 U.S.C. §  1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42. Defendant violated § 1692e:

    a.  As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate.

b. By making a false and misleading representation in violation of §1692e(10).

43. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, and Plaintiff is entitled to an award of actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692g** *et seq.*

44. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

45. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

46. Pursuant to 15 USC §1692g, a debt collector:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

      i.   The amount of the debt;

     ii.   The name of the creditor to whom the debt is owed;

    iii.   A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

    iv.   A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

     v.   A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

47. The Defendant violated 15 U.S.C. §1692g by threatening a balance increase, which overshadowed the "g-notice" language and coerces the consumer not to exert its rights under the FDCPA.

48. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA and Plaintiff is entitled to an award of actual damages, statutory damages, costs and attorneys' fees.

## <u>DEMAND FOR TRIAL BY JURY</u>

49. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff Sandra Rose, individually and on behalf of all others similarly situated demands judgment from Defendant AIC as follows:

1.   Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Jonathan A. Stieglitz, Esq. as Class Counsel;

2.   Awarding Plaintiff and the Class statutory damages;

3.   Awarding Plaintiff and the Class actual damages;

4.   Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.   Awarding pre-judgment interest and post-judgment interest; and

6.   Awarding Plaintiff and the Class such other and further relief as this

Court may deem just and proper.

Dated:  June 23, 2020                          Respectfully Submitted,

                                               THE LAW OFFICES OF
                                               JONATHAN A. STIEGLITZ

                                          By:  _____/s/ Jonathan A Stieglitz___
                                               Jonathan A Stieglitz